CHRISTIAN NATION CHURCH, APPELLANT, *v.* JENKINS, APPELLEE.

(No. 220—Decided January 11, 1954.)

*Messrs. Ely, White & Davidson,* for appellant.
*Messrs. Nichols, Speidel & Nichols,* for appellee.

CONN, J. This action was begun by plaintiff, appellant herein, the Christian Nation Church, against de-

fendant, appellee herein, Amos Jenkins, in the court of J. F. Paschal, justice of the peace for Batavia township, Clermont county, charging the defendant with unlawfully and forcibly detaining from plaintiff certain premises, to wit, a dwelling house situated in the township of Pierce in such county and more particularly described in the bill of particulars filed by plaintiff.

Upon the trial, the justice adjudged that the defendant was guilty and that plaintiff was entitled to have restitution. From this judgment, an appeal on questions of law was duly taken by defendant to the Common Pleas Court and, upon hearing therein, the court found that the judgment "was against the manifest weight of the evidence and contrary to law," and such judgment was "reversed, set aside and held for naught."

Thereupon, the plaintiff appealed from the judgment of the Common Pleas Court to this court on questions of law.

Under the provisions of the statutes relating to appeals from judgments entered in the justice of the peace court, a matter of procedure arises on the record before us which we are constrained to consider initially, although this procedural question was not raised in the oral arguments or briefs of counsel. The statutes to which we refer are Sections 12223-25 and 12223-26, General Code (now 2505.26, Revised Code), a part of the Ohio Appellate Procedure Act. These statutes provide as follows:

Section 12223-25. "When the proceedings of a justice of the peace are appealed on questions of law to the common pleas and the judgment of such justice is reversed or set aside, the court shall render judgment of reversal, and for costs that have accrued up to that time, in favor of the appellant, and award execution therefor."

Section 12223-26. "Except when the reversal is because the justice has no jurisdiction of the appellant or of the subject of the action, the cause shall be retained by the court for trial and final judgment."

Prior to the enactment of the Appellate Procedure Act, those statutes formed a part of the Justice of the Peace Code, as Sections 12245 and 12246, General Code, and were adopted without change, excepting some conforming language appropriate to their place in the Appellate Procedure Act.

It is pertinent to note that those statutes originally formed but one section, to wit, Section 532 of the Code of Civil Procedure, as amended. (67 Ohio Laws, 111, 115 S & C, 1108.)

In the revision and consolidation of the statutes of Ohio effective January 1, 1880, that section became Section 6733, Revised Statutes, which we quote:

Section 6733. "When the proceedings of a justice of the peace are taken on error to the Court of Common Pleas, in manner aforesaid, and the judgment of such justice is reversed or set aside, the court shall render judgment of reversal, and for the costs that have accrued up to that time, in favor of the plaintiff in error, and award execution therefor; and the cause, except when the reversal is because the justice had no jurisdiction of the plaintiff in error, or of the subject of the action, shall be retained by the court for trial and final judgment, as in cases of appeal."

In the codification of the Revised Statutes in 1910, the Commission divided Section 6733, Revised Statutes, into two sections, to wit, Sections 12245 and 12246, General Code, with no substantial change in their respective provisions.

These statutes, over the years, have been before the courts in a number of cases, to some of which we wish to refer.

In the early case of *Robinson* v. *Kious,* 4 Ohio St., 593, the court construed Section 532 of the Code of Civil Procedure. The Common Pleas Court had reversed the judgment of the justice of the peace court on grounds other than the ground of jurisdiction, and it was held that the court should retain the cause for trial.

We quote the third paragraph of the syllabus:

"The common pleas, upon the reversal of such judgment, must retain the cause for trial and final judgment."

Following the revision of the Code, the statute, Section 6733, Revised Statutes, was given consideration in *Critchfield* v. *Robinson,* 80 Ohio St., 364, 88 N. E., 792, the syllabus of which is as follows:

"When the Court of Common Pleas reverses a judgment of a justice of the peace upon a ground other than a want of jurisdiction, it properly, under Section 6733, Revised Statutes, retains the case for trial as upon appeal, and until judgment is rendered upon such trial a proceeding in error in the circuit court is premature."

See, also, *Roller* v. *Esman,* 1 C. C. (N. S.), 31, 15 C. D., 183; *Henry & Scheible Co.* v. *Collingwood Furnace Co.,* 11 C. C. (N. S.), 191, 21 C. D., 17; *McLean* v. *Johnson,* 20 C. C. (N. S.), 503, 31 C. D., 403; *Adams Express Co.* v. *St. John,* 17 Ohio St., 641.

This court gave consideration to the provisions of Section 12223-26, General Code (Section 2505.26, Revised Code) in *Vockell* v. *Selmeier,* 77 Ohio App., 401, 402, 68 N. E. (2d), 129. The Common Pleas Court had reversed the judgment of the justice of the peace court in an action for forcible entry and detainer and retained the case for trial on the merits as provided in that section. An appeal was taken on questions of law on the ground that no valid notice of appeal from

the justice of the peace court to the Common Pleas Court had been filed. Judge Hildebrant in the opinion said:

"This court has no jurisdiction to consider the errors complained of, for the reason that under the statute no final order has been entered in the court below. Section 12223-26, General Code, provides:

" 'Except when the reversal is because the justice has no jurisdiction of the appellant or. of the subject of the action, the cause shall be retained by the court for trial and final judgment.'

"The judgment of reversal, not being for lack of jurisdiction, is, therefore, not a final order, and the cause must be retained for trial by the court below and proceed to judgment before an appeal may lie here. *McLean* v. *Johnson,* 20 C. C. (N. S.), 503, 31 C. D., 403; *Kelley* v. *Hunter,* 12 Ohio, 216; *Longworth* v. *Sturges,* 6 Ohio St., 143; *Ry. Co.* v. *Bailey,* 39 Ohio St., 170; *Bradley* v. *Wacker,* 13 C. C., 530, 7 C. D., 565. The appeal is dismissed."

In the light of the foregoing considerations, we conclude that the court is without jurisdiction to entertain this cause or review the assignments of error. Therefore, the appeal herein is dismissed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment accordingly.*

FESS and DEEDS, JJ., concur.

FESS, CONN and DEEDS, JJ., of the Sixth Appellate District, sitting by designation in the First Appellate District.